WILLIAM M. WELCH II
Chief, Public Integrity Section

NICHOLAS A. MARSH
EDWARD P. SULLIVAN
Trial Attorneys
Public Integrity Section
United States Dept. of Justice
1400 New York Ave. NW, 12th Floor
Washington, D.C. 20005
(202) 514-1412

JOSEPH W. BOTTINI
JAMES A. GOEKE
Assistant U.S. Attorneys
District of Alaska
Federal Building & U.S. Courthouse
222 West Seventh Ave., Room 253, #9
Anchorage, Alaska 99513-7567
(907) 271-5071

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. |
| | ) | |
| Plaintiff, | ) | **PLEA AGREEMENT** |
| | ) | |
| vs. | ) | |
| | ) | |
| BILL J. ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. Introduction

A. This brief introduction sets forth a summary of the terms of the Plea Agreement between the defendant and the United States Department of Justice Criminal Division, Public Integrity Section (the "United States"). This summary is not intended to supersede the language that follows this subsection. It merely sets forth a summary for the benefit of the Court.

B. The defendant agrees to plead guilty to Count 1, Count 2, and Count 3 of the Information filed in this matter, to waive his rights to appeal and to collaterally attack his sentence, and to not seek a downward departure under the advisory United States Sentencing Guidelines ("U.S.S.G."). In exchange, the United States agrees to recommend a three-level

reduction for acceptance of responsibility, if otherwise applicable, and to not seek an upward departure against the defendant under the U.S.S.G.

C. Unless the parties otherwise inform the Court in writing of any additional agreements, this document contains the complete Plea Agreement between the defendant and the United States. The factual basis supporting the defendant's guilty plea is set forth in the Addendum to the Plea Agreement, filed herewith and expressly incorporated into this Plea Agreement. The defendant understands this Plea Agreement is limited to the United States Department of Justice Criminal Division, Public Integrity Section; it does not bind other federal, state, or local prosecuting authorities. The United States Attorney's Office for the District of Alaska is recused from this matter.

D. Unless the parties otherwise inform the Court in writing, the parties expressly agree that Federal Rule of Criminal Procedure 11(c)(1)(A) will control this Plea Agreement. This means that the defendant may not withdraw from this Plea Agreement or his guilty plea unless the United States Department of Justice Criminal Division, Public Integrity Section, prosecutes additional charges against the defendant arising from the investigation that resulted in the Information filed in this matter. This also means that the defendant may not withdraw from this Plea Agreement or his guilty plea if the Court does not follow the parties' sentencing recommendations.

E. Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

// //

// //

2

## II. What The Defendant Agrees To Do

### A. Material Elements of Plea Agreement

I, BILL J. ALLEN, the defendant, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, do hereby state my agreement to, and understanding of, this Plea Agreement.

I agree that the following obligations are material to this agreement. I agree that any violation of, or failure to fulfill, these obligations will be a material breach of this Plea Agreement.

If I breach this Plea Agreement, I understand that the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter or information disclosed during interviews with the United States. If my compliance with the terms of this Plea Agreement becomes an issue, I understand that, at an appropriate hearing during which any of my disclosures will be admissible, the Court will determine whether I have violated the terms of this agreement; the government's burden will be by a preponderance of the evidence.

### B. Satisfaction With Counsel

I am fully satisfied with the representation given me by my attorney, and I am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up to my satisfaction on any information and issues I have raised. My attorney has taken the time to explain fully and to my satisfaction the

BILL J. ALLEN Plea Agreement

3

legal and factual issues involved in my case. We have discussed the statutes applicable to my offense and sentence as well as the possible effect that the advisory U.S.S.G. may have on my sentence.

### C. Charges To Which The Defendant Is Pleading Guilty

I agree to enter a plea of guilty to Count 1, Count 2, and Count 3 of the Information. Count 1 of the Information charges me with Conspiracy to Commit: (1) Extortion under Color of Official Right (in violation of 18 U.S.C. § 1951(a)); (2) Federal Programs Bribery (in violation of 18 U.S.C. §§ 666(a)(1)(B) and 666(a)(2); and (3) Honest Services Mail and Wire Fraud (in violation 18 U.S.C. §§ 1341, 1343, and 1346); all in violation of 18 U.S.C. § 371. Count 2 of the Information charges me with Bribery Concerning Programs Receiving Federal Funds, in violation of 18 U.S.C. §§ 666(a)(2) and 2. Count 3 of the Information charges me with Conspiracy to Impair and Impede the Internal Revenue Service, in violation of 18 U.S.C. § 371.

The elements of the offense of Conspiracy to Commit: (1) Extortion under Color of Official Right; (2) Federal Programs Bribery; and (3) Honest Services Mail and Wire Fraud, all in violation of 18 U.S.C. § 371, as charged in Count 1, are as follows:

> **First**, there was an agreement between two or more individuals to commit any one of the crimes of: (1) Extortion under Color of Official Right (in violation of 18 U.S.C. § 1951(a)); (2) Federal Programs Bribery (in violation of 18 U.S.C. §§ 666(a)(1)(B) and 666(a)(2); and (3) Honest Services Mail and Wire Fraud (in violation 18 U.S.C. §§ 1341, 1343, 1346);

BILL J. ALLEN Plea Agreement

4

**Second**, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and,

**Third**, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

The elements of the offense of Bribery Concerning Programs Receiving Federal Funds, in violation of 18 U.S.C. §§ 666(a)(2) and 2, as charged in Count 2 are:

**First**, the defendant corruptly gave, offered, and agreed to give things of value to elected public officials in connection with a business, transaction, or series of transactions of a state;

**Second**, the elected public officials were agents of a state;

**Third**, the business, transaction, or series of transactions involved something of a value of $5,000 or more;

**Fourth**, the state received benefits in excess of $10,000 in the relevant one-year period, pursuant to a federal program.

The elements of the offense of Conspiracy to Impair and Impede the Internal Revenue Service, in violation of 18 U.S.C. § 371 as charged in Count 3, are:

**First**, there was an agreement between two or more individuals to impair and impede the Internal Revenue Service;

**Second**, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and,

BILL J. ALLEN Plea Agreement

**Third**, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

### D. Factual Basis For Plea

I admit that the allegations against me in Count 1, Count 2, and Count 3 of the Information are true, and I stipulate that the factual basis for my plea set forth in the Addendum to Plea Agreement, entitled "Factual Basis for Plea," is true and supports my guilty plea in this case.

### E. No Downward Departures

I agree that I will not move for a downward departure from the advisory sentencing guideline level determined by the Court under the U.S.S.G. The defendant retains the right to request, pursuant to the principles set forth in *Booker v. United States*, 543 U.S. 220 (2005), that the Court grant a variance from the advisory sentencing guideline level determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a). Should the defendant make such a request at sentencing, the government retains the right to oppose that request.

## III. Penalties And Consequences Of Plea

### A. Statutory Maximum Penalties

I understand the statutory maximum sentence for Count 1 – which charges me with Conspiracy to Commit: (1) Extortion under Color of Official Right (in violation of 18 U.S.C. § 1951(a)); (2) Federal Programs Bribery (in violation of 18 U.S.C. §§ 666(a)(1)(B) and 666(a)(2); and (3) Honest Services Mail and Wire Fraud (in violation 18 U.S.C. §§ 1341, 1343, and 1346); all in violation of 18 U.S.C. § 371 – includes a term of five years of imprisonment, a fine of

$250,000, and a mandatory special assessment of $100. I also understand that the Court may impose a term of supervised release to follow any incarceration, in accordance with 18 U.S.C. § 3583. The authorized term of supervised release in relation to Count 1 is not more than three years. Violation of the terms of supervised release can result in incarceration for not more than three years.

I understand the statutory maximum sentence for Count 2 – which charges me with Bribery Concerning Programs Receiving Federal Funds, in violation of 18 U.S.C. §§ 666(a)(2) and 2 – includes a term of ten years of imprisonment, a fine of $250,000, and a mandatory special assessment of $100. I also understand that the Court may impose a term of supervised release to follow any incarceration, in accordance with 18 U.S.C. § 3583. The authorized term of supervised release in relation to Count 2 is not more than three years. Violation of the terms of supervised release can result in incarceration for not more than three years.

I understand the statutory maximum sentence for Count 3 – which charges me with Conspiracy to Impair and Impede the Internal Revenue Service, in violation of 18 U.S.C. § 371 – includes a term of five years of imprisonment, a fine of $250,000, and a mandatory special assessment of $100. I also understand that the Court may impose a term of supervised release to follow any incarceration, in accordance with 18 U.S.C. § 3583. The authorized term of supervised release in relation to Count 3 is not more than three years. Violation of the terms of supervised release can result in incarceration for not more than three years.

I also understand the following may also apply and affect my sentence with regard to Count 1, Count 2, and Count 3: (A) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may

BILL J. ALLEN Plea Agreement

impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; (B) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; (C) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; and (D) the Court may order that I pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

I agree that I will owe the entire special assessment, fine, costs or restitution ordered in this case on the day the Court imposes sentence. I understand that all payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Avenue, Box 4, Room 229, Anchorage, AK 99513-7564.

## B.  Additional Consequences Of Plea

I understand that in addition to any term of imprisonment and/or fine that is imposed, the Court may order me to pay restitution to any victim of the offense, as required by law. I further understand that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

I understand that any person convicted of a federal felony offense may lose or be denied federal benefits, including any grants, loans, licenses, food stamps, and welfare, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the

BILL J. ALLEN Plea Agreement

8

right to sit on a jury. I understand that if I am not a citizen of the United States, conviction of a federal felony may result in deportation.

## C. Calculation Of Sentence

I understand and acknowledge that, at sentencing, the Court must consider the sentencing range calculated under the U.S.S.G., together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, I understand and acknowledge that:

    1. The Court will determine my applicable Sentencing Guidelines range at the time of sentencing. Guidelines calculations will be set forth in the pre-sentence report prepared by the United States Probation Office. I understand that all adjustments to my offense level will be set forth in the pre-sentence report prepared by the U.S. Probation Office, and that unless admitted to herein, both parties will have the opportunity to argue their positions with

BILL J. ALLEN Plea Agreement

9

Case 3:07-cr-00057-JWS   Document 5   Filed 05/04/07   Page 9 of 18

respect to the base offense level as well as to any upward or downward adjustments that may affect my guideline offense level.

2. My criminal history category will also be determined by the United States Probation Office. I understand that I may argue about whether prior criminal conduct, if any, should count in the determination of what criminal history category I will be placed. However, I will not argue that my criminal history category is over-represented so as to entitle me to a "downward departure" in my criminal history category.

3. I understand and agree that the Court will apply the preponderance of evidence standard of proof when resolving any factual disputes regarding my guideline sentence calculation. I understand that the discussions between my attorney and me concerning my sentence exposure or the possible sentence the Court might impose on me are only estimates and do not bind the Court. The government's rough estimate of my advisory guideline range is set forth below. I understand that such estimate binds neither the parties nor the Court, and that the United States Probation Office will calculate its own guideline range, which the parties are free to argue about, except to the extent stipulated herein.

*NON-BINDING SUMMARY:*

*ESTIMATED BASE OFFENSE LEVEL*
*U.S.S.G. § 2C1.1* ............................................................................................ *12*

*MORE THAN ONE BRIBE/EXTORTION*
*U.S.S.G. § 2C1.1(b)(1)* ................................................................................... *+2*

*VALUE OF PAYMENT IN EXCESS OF $400,000*
*U.S.S.G. §§ 2C1.1(b)(2); 2B1.1(b)(1)(G)* ....................................................... *+14*

BILL J. ALLEN Plea Agreement

10

*SCHEME INVOLVING ELECTED PUBLIC OFFICIAL*
*U.S.S.G. § 2C1.1(b)(3)* ........................................................................................ +4

*ROLE ENHANCEMENT*
*U.S.S.G. § 3B1.1(c)* ............................................................................................. +2

*ACCEPTANCE OF RESPONSIBILITY*
*U.S.S.G. § 3E1.1* .................................................................................................. -3

*NON-BINDING ESTIMATED TOTAL* ................................................................. 31

*NON-BINDING ESTIMATED CRIMINAL HISTORY* ......................................... I

*NON-BINDING ESTIMATED*
*SENTENCING RANGE* ............................................................... 108 -135 months

*SUPERVISED RELEASE RANGE* ............................................................. 3 Years

*FINE RANGE* ............................................................................ $15,000 - $150,000

    4.    After consideration of the U.S.S.G. and the other factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law.

    5.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department.

    6.    I may not withdraw a guilty plea solely because of the sentence imposed by the Court.

### D. Ultimate Sentence

I acknowledge that no one has promised or guaranteed what sentence the Court will impose.

BILL J. ALLEN Plea Agreement

### E. Post-Plea Conduct

I understand that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Plea Agreement. If, after the date of this Plea Agreement, I engage in illegal conduct (examples of which include, but are not limited to: obstruction of justice; failure to appear for a court proceeding; criminal conduct while pending sentencing; and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free under this Agreement to seek a sentence that takes such conduct into consideration. Such a sentence could include a sentencing enhancement under the United States Sentencing Guidelines or an upward departure from the applicable sentencing guidelines range.

## IV. Rights Waived By Pleading Guilty

I understand that, by pleading guilty, I knowingly and voluntarily waive the following rights:

### A. Trial Rights

1. The right to plead not guilty and to persist in a plea of not guilty;

2. The right to a speedy and public trial before a jury of my peers;

3. The right to the effective assistance of counsel at trial, including, if I could not afford an attorney, the right to have the Court appoint one for me;

4. The right to be presumed innocent until guilt has been established at trial beyond a reasonable doubt;

5. The right to confront and cross-examine witnesses against me at trial;

6. The right to compel or subpoena witnesses to appear on my behalf at trial;

BILL J. ALLEN Plea Agreement

7. The right to testify or to remain silent at trial, at which trial such silence could not be used against me; and

8. The right to contest the validity of any searches conducted on my property or person.

### B. Appeal And Post-Conviction Rights

By pleading guilty pursuant to this Plea Agreement, I understand and agree that I am waiving all of these applicable rights, including my right to appeal my conviction. I further agree that if the Court imposes a sentence that does not exceed the statutory maximum sentence (as set forth above in this agreement), I am waiving, without exception, my right to appeal on all grounds contained in 18 U.S.C. § 3742, the sentence the Court imposes upon me – including forfeiture or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution. Additionally, I also knowingly and voluntarily agree to waive all right to collaterally attack my conviction(s) and/or sentence – including forfeiture or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: (1) any challenge to the conviction or sentence alleging ineffective assistance of counsel based on information not now known to me and which, in the exercise of reasonable diligence, could not be known by me at the time the Court imposes sentence; and (2) a challenge to the voluntariness of my guilty plea(s). I understand a collateral attack is an additional means separate from an appeal by which I could challenge my conviction or sentence. I also agree that if my guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if my sentence is vacated, reversed, set aside, or

BILL J. ALLEN Plea Agreement

13

modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute me on all charges arising out of the investigation of this case for which there is probable cause.

## C. Records Request Waiver

I also waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

## V. What The United States Agrees To Do

### A. Other Offenses Now Known

In exchange for the defendant's plea of guilty to Count 1, Count 2, and Count 3, the United States agrees that it will not prosecute the defendant further for any offense, now known, arising out of the subject of the investigation and relating to: (1) the charging instrument in this case; and (2) the defendant's admissions in support of his guilty plea, provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

BILL J. ALLEN Plea Agreement

14

### B. Acceptance Of Responsibility

If the defendant is completely candid and truthful with both the Court and the United States Probation Office in admitting the underlying criminal conduct, and the defendant meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for a two-level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### C. No Upward Departures

The government agrees that it will not move for an upward departure from the advisory sentencing guideline level determined by the Court under the U.S.S.G., except as otherwise provided in paragraph III.E (regarding post-plea conduct) of this Plea Agreement.

### D. Other Representations

Although he was not made any specific promises in exchange for his cooperation, BILL ALLEN was advised by the government that if, at the completion of ALLEN's cooperation, the government determines that ALLEN has fully cooperated with the government's investigation and that ALLEN's full cooperation has provided substantial assistance to the ongoing investigation, the government (1) will not charge ALLEN's son, Mark Allen, or other family members of ALLEN with any criminal offenses arising out of the government's investigation or

BILL J. ALLEN Plea Agreement

that have been disclosed to the government, and (2) will view ALLEN's cooperation as also being cooperation on the part of VECO.

## VI. Adequacy Of The Agreement

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this Plea Agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

The United States and the defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement only binds the United States Department of Justice, Criminal Division, Public Integrity Section. It does not bind any United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

## VII. The Defendant's Acceptance Of The Terms Of This Plea Agreement

By my signature below, I, BILL J. ALLEN, affirm that this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter my guilty pleas.

I understand that I have a right to plead not guilty and proceed to trial, and that no one can force me to plead guilty. I understand that no one, including my attorney, can guarantee the

BILL J. ALLEN Plea Agreement

16

outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea. If there were, I would so inform the Court.

I understand the Court will ask me under an oath to answer questions about the offenses to which I am pleading guilty and my understanding of this Plea Agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this Plea Agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

Based on my complete understanding of this Plea Agreement, I therefore

// //

// //

// //

// //

// //

// //

// //

BILL J. ALLEN Plea Agreement

wish to enter a plea of guilty to Count 1, Count 2, and Count 3 of the Information filed in this case.

DATED: 2 May 2007

*/s/ Bill J. Allen*

BILL J. ALLEN
Defendant


As counsel for the defendant, I have discussed with the terms of this Plea Agreement with the defendant, have fully explained the charges to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this Plea Agreement or to enter a plea of guilty, I will immediately inform the Court.

*/s/*

Counsel for Defendant


WILLIAM M. WELCH II
Chief, Public Integrity Section

| | |
|---|---|
| */s/ Nicholas A. Marsh* | */s/ Joseph W. Bottini* |
| NICHOLAS A. MARSH | JOSEPH W. BOTTINI |
| EDWARD P. SULLIVAN | JAMES A. GOEKE |
| Trial Attorneys | Assistant United States Attorneys |
| Public Integrity Section | District of Alaska |
| Criminal Division | Federal Building & U.S. Courthouse |
| United States Department of Justice | 222 West Seventh Ave., Room 253, #9 |
| 1400 New York Avenue N.W. | Anchorage, Alaska 99513-7567 |
| Washington, D.C. 20005 | (907) 271-5071 |

BILL J. ALLEN Plea Agreement

18